UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADIRE ATAS,<br><br>                      Plaintiff,<br><br>-against-<br><br>THE NEW YORK TIMES COMPANY, et al.,<br><br>                      Defendants. | 22-CV-0853 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is a Canadian national residing in Ontario, Canada, brings this *pro se* action alleging that *The New York Times* ("the Times") published two articles with false and defamatory information about her, which were then discussed on The Daily, a podcast produced by the Times. Plaintiff sues 73 named defendants, including the Times, and various Jane and John Does. By order dated May 10, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, but grants Plaintiff thirty days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's claims arose out of the publication of two articles by the Times, titled "A Vast Web of Vengeance" and "Woman Accused of Defaming Dozens Online Is Arrested"[1]; The

---

[1] *See* Kashmir Hill, *A Vast Web of Vengeance*, N.Y. Times, Jan. 30, 2021, https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html; Kashmir Hill, *Woman Accused of Defaming Dozens Online Is Arrested*, N.Y. Times, Feb. 10, 2021, https://www.nytimes.com/2021/02/10/technology/nadire-atas-arrest.html.

Daily's discussion of the articles; and the social media accounts of Kashmir Hill, the reporter who wrote the articles.

The following information is taken from the complaint and the Times' articles, which Plaintiff quotes liberally in the complaint. In "A Vast Web of Vengeance," published on January 30, 2021, the Times wrote that Plaintiff had put up on various websites thousands of online posts against dozens of people she perceived as her enemies, accusing them of being scammers, fraudsters, thieves, sexual deviants, and pedophiles. The article detailed how the hands-off policy of tech companies like Google have allowed Plaintiff – who had previously been deemed a vexatious litigant by the Canadian courts for filing numerous lawsuits[2] – to conduct an online campaign of harassment and defamation for several years. According to the article, Plaintiff's alleged victims, who live in Canada, Britain, and the United States, included a family that had employed her over 30 years ago; a bank that had foreclosed on properties she owned and employees of the bank; lawyers who represented the bank and lawyers representing those lawyers; and the family members, colleagues, and employers of those people. Many of the people whom Plaintiff had attacked online sued her for defamation in Ontario.

Following the publication of the first article, on February 9, 2021, Plaintiff was arrested by the Toronto Police and charged with defamation, false statements, and harassment, which are crimes under Canada Criminal Code. (ECF 2, at 21.) On February 10, 2021, the Times published

---

[2] Plaintiff attaches to the complaint a January 3, 2018, order issued by Justice David L. Corbett of the Ontario Supreme Court of Justice. (ECF 2-1, at 1-19.) The order declares that Plaintiff is a "vexatious litigant," who has "persistently and without reasonable grounds instituted vexatious proceedings and conducted proceedings in a vexatious manner in the Courts of Ontario," and prohibits Plaintiff from instituting or continuing any action or proceeding in Ontario without first obtaining leave. (*Id*. at 2.) The order also directs Plaintiff to provide a copy of the order to any court, regulatory body, or tribunal where she seeks to commence any type of action or proceeding.

the second article, "Woman Accused of Defaming Dozens Online is Arrested," which noted the arrest and recapped the first article. In April and May 2021, the two articles were the subject of episodes of The Daily podcast. While Plaintiff was in custody, lawyers from the defamation cases before Justice Corbett of the Ontario Supreme Court of Justice "pressured" the Attorney General to oppose releasing her from custody. (ECF 2, at 21-22.) The lawyers also used evidence provided by the Toronto Police, which had seized Plaintiff's computer and cell phone upon her arrest, to file for a judgment in the defamation cases. On December 7, 2021, the Attorney General withdrew all of the criminal charges against Plaintiff.

Plaintiff brings this defamation action asserting that Defendants made false and defamatory statements against her, which have been widely disseminated through newspapers, the internet, and podcasts. She seeks to hold 73 named defendants and several Jane and John Does liable for the alleged defamation, including (1) the Times and entities and individuals associated with the Times − such as The Daily and its host; the Times's executive and business editors; and Hill and her husband; (2) the alleged victims mentioned in the two articles; (3) individuals, entities, lawyers, and law firms who were involved in the defamation cases and other litigation in the Canadian courts to which Plaintiff was a party; (4) the relatives, colleagues, employers, and other entities associated with those whom Plaintiff perceives as enemies. Plaintiff alleges that the defendants reside or are domiciled in Canada, Britain, and the United States, including in Arizona, Arkansas, California, and New York. Plaintiff seeks monetary damages for the alleged harm caused by the two articles.

## DISCUSSION

**A.     Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity

of citizenship" between the plaintiff and the defendant and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Cor*p., 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). If a court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P 12(h)(3).

Plaintiff brings this action without specifying a jurisdictional basis, but her defamation claims suggest that she is seeking to invoke the Court's diversity jurisdiction under Section 1332.[3] To establish diversity jurisdiction under Section 1332, a plaintiff must allege that the plaintiff and the defendants are citizens of different states and establish to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

For diversity purposes, an individual is a citizen of the State where he or she is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning"). A corporation is a citizen of *both* the State or foreign state where it is incorporated *and* of the State or foreign state where it has its principal state of business, *see* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), but a limited liability company takes the citizenship of each of its members for purposes of diversity jurisdiction. *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

---

[3] Plaintiff's complaint does not set forth any federal claims or otherwise assert a basis for federal question jurisdiction under Section 1331. Her claim that Defendants defamed her does not arise under federal law, but may be brought under state law.

Plaintiff's complaint does not include facts demonstrating that the Court has diversity jurisdiction of this action. Section 1332(a) "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (holding that Section 1332 "requires 'complete diversity,' *i.e.*, all plaintiffs must be citizens of states diverse from those of all defendants"). Diversity of citizenship is present when the action is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," *id.* § 1332(a)(3). "Diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (relying on *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 381 (1959)).

Here, because Plaintiff is a Canadian national, on the plaintiff's "side there are only aliens." *Universal Licensing Corp.*, 293 F.3d at 581. She sues 73 named defendants, who are citizens of Canada, Britain, and the United States. As there are no citizens of the United States on the plaintiff side of the litigation, and there are aliens as well as citizens on the defendant side, Plaintiff cannot establish diversity jurisdiction under Section 1332(a)(2) or Section 1332(a)(3). *See id*. Because diversity of citizenship is not complete, the Court does not have diversity jurisdiction of this matter. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction). The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Generally, a district court should allow a plaintiff "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Plaintiff may be able to file an amended complaint dropping the alien defendants to establish diversity of citizenship in this action.[4] As Plaintiff proceeds in this matter without the benefit of an attorney and the Court cannot say that an amendment would be futile, the Court grants her thirty days' leave to replead any plausible claim of which the Court has subject matter jurisdiction.[5]

## B. Defamation

Even if Plaintiff is able to establish that the Court has diversity jurisdiction to consider this action, however, her factual allegations do not suggest that she would have viable claims against any defendant named in the amended complaint. A claim for "defamation" is an umbrella term that incorporates the "twin torts of libel and slander." *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001) (citations omitted). "Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Biro v. Conde Nast*, 883 F.Supp.2d 441, 456 (S.D.N.Y. 2012) (internal quotation marks omitted). Plaintiff brings this action for allegedly libelous statements published by the Times. Under New York law, a libel claim consists of five elements: "(1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5)

---

[4] If an indispensable party cannot be joined, for example because this would destroy diversity jurisdiction, and the Court concludes that equity does not permit the remaining parties to proceed, the action must be dismissed. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013).

[5] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

7

special damages or *per se* actionability." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (citing *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000)).

Plaintiff seeks to bring libel claims against a large number of individuals, lawyers, law firms, and other entities that have no apparent connection to the Times' articles from which her claims stemmed. She names these defendants and asserts where they are domiciled, but fails to allege any facts against them, much less sufficient facts, as required by Rule 8, to allow the Court to reasonably infer that each defendant is liable to her for libel. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). For example, she names as defendants the Myers-Briggs Company, which she describes as "the world's largest business psychology providers" based in California, and IBM, which she identifies as a "multinational technology corporation" headquartered in New York. (ECF 2, at 10.) Plaintiff provides no facts in the complaint that would show how these two defendants − or most of the other defendants − are liable for the alleged libel stemming from the publication of the two articles by the Times. If Plaintiff amends her complaint to show a basis for subject matter jurisdiction of this action, she must also provide a short and plain statement of her claims and allege facts showing why each defendant named in the amended complaint is liable to her for the alleged libel.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court also denies Plaintiff's application for counsel (ECF 6) without prejudice. All other pending matters in this case are terminated.

Plaintiff is granted thirty days' leave to file an amended complaint of which the Court has subject matter jurisdiction. If Plaintiff fails to file a sufficient amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons stated in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 31, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# Notice For Pro Se Litigants

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



