UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADIRE ATAS,
                      Plaintiff,

-v-

THE NEW YORK TIMES COMPANY, *et al.*,
                      Defendants.

22-CV-853 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On October 17, 2022, *pro se* Plaintiff Nadire Atas filed an Amended Complaint in this action, alleging defamation arising from two *New York Times* articles. The first, "A Vast Web of Vengeance," was published on January 30, 2021. The second, "Woman Accused of Defaming Dozens Online Is Arrested," was published on February 10, 2021. The articles were then discussed on *The Daily*, a podcast produced by the *Times*. Atas brings this action seeking monetary damages against the *Times* and other defendants. By order dated May 10, 2022, the Court granted Plaintiff's request to proceed in forma pauperis (IFP), that is, without prepayment of fees. The Court now directs Plaintiff to serve the Summons and Complaint only on those defendants over which it has personal jurisdiction.

## DISCUSSION

### A. Service on the *Times* Defendants

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants the *New York Times*, Ellen Pollock, Kashmir Hill, the Daily Podcast, and Michael Barbaro (collectively "the Times defendants") through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the amended complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

 Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B. **Service on Defendant Lily Meier**

Plaintiff alleges that Meier is a domiciliary of New York, but she does not provide an address where this defendant may be served.  The Court therefore directs Plaintiff, within 30 days of the date of this order, to provide the Court with an address where Meier may be served.  Once Plaintiff has provided a service address for this Defendant, the Court will issue an order directing the Clerk of Court to complete the USM-285 form with the address and deliver all

---

complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

documents necessary to effect service to the U.S. Marshals Service. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this Defendant without prejudice.

C.   **Service on the remaining named defendants**

Plaintiff also names several defendants who are not domiciled in New York: Matthew Cameron, an Arkansas domiciliary; Dr. Joseph Caplan, an Arizona domiciliary; Jennifer Hefler, an Arkansas domiciliary; Michael Borysenko, a Washington domiciliary; and Akumin Inc., the employer of Defendant Cameron and a corporate entity domiciled in Florida (collectively, the "non-New York Defendants." Plaintiff's claims against these Defendants are premised on the allegation that each served as a source in the reporting that led to the publication of the allegedly defamatory news articles and podcast episode. (Dkt. No. 23 at ¶ 82). The Court concludes that it lacks personal jurisdiction over the non-New York Defendants under the terms of the New York long-arm statute.

A federal court generally cannot proceed to the merits of a case without first determining that it has personal jurisdiction over the defendants. *See Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430–31 (2007). "In New York, the question of long-arm personal jurisdiction over an out-of-state defendant is governed by N.Y. C.P.L.R. § 302." *G31000 N. Am., Inc. v. Paris*, No. 14-CV-3885 VEC, 2014 WL 6604790, at *2 (S.D.N.Y. Nov. 21, 2014).

C.P.L.R. § 302(a) allows courts to exercise personal jurisdiction over a non-domiciliary who:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, *except as to a cause of action for defamation of character* . . . ; or

3. commits a tortious act without the state causing injury to person or property within the state, *except as to a cause of action for defamation of character*.

(emphasis added).  The defamation exceptions in §§ 302(a)(2) and (3) apply "if a plaintiff's claims are all 'based upon [the same] alleged defamatory statements' such that the 'entire complaint sounds in defamation.'" *Fischer v. Stiglitz*, No. 15-CV-6266 (AJN), 2016 WL 3223627, at *4 (S.D.N.Y. June 8, 2016) (quoting *Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996)); *see also Polish Army Veterans of America, Inc., et al., v. Stasiewicz*, No. 20-CV-3419 (MKB), 2021 WL 3130090, at *4 (E.D.N.Y. July 23, 2021) ("N.Y. C.P.L.R. §§ 302(a)(2) and 302(a)(3) explicitly exempt causes of action for the tort of defamation from [their] scope, whether or not such jurisdiction would be consistent with due process protection.").

Atas's claims against the non-New York Defendants entirely sound in defamation.  The Court is therefore barred from exercising personal jurisdiction over them under CPLR §§ 302(a)(2) and (3).

Although a plaintiff may not establish personal jurisdiction over defamation defendants under §§ 302(a)(2) and (3), "courts will entertain defamation cases against non-domiciliaries so long as jurisdiction exists under [CPLR] § 302(a)(1)." *Trachtenberg v. Failedmessiah.com*, 43 F. Supp. 3d 198, 202 (E.D.N.Y. 2014); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 245-46 (2d Cir. 2007).  An individual "transacts business" within the meaning of CPLR § 302(a)(1) when it has conducted "purposeful activities within [New York] that would justify bringing the nondomiciliary defendant before the New York courts." *SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 404 (2012).  "Moreover, there must be

4

some articulable nexus between the business transacted and the cause of action sued upon." *Id.* (citation omitted).

Plaintiff's bare allegation that the non-New York Defendants served as sources for Hill is insufficient under New York law. "New York courts construe the 'transacting business' test more narrowly in defamation cases than in other contexts . . . [and] do not interpret 'transacting business' to include 'defamatory utterances' sent into New York state, unless the conduct also included 'something more.'" *Penachio v. Benedict*, 461 F. App'x 4, 5 (2d Cir. 2012) (citing *Best Van Lines, Inc.*, 490 F.3d at 246); *see also, e.g.*, *Copp v. Ramirez*, 874 N.Y.S.2d 52 (1st Dept. 2009) (finding there was no personal jurisdiction over non-domiciliaries who made allegedly defamatory statements in New Mexico to New York reporters from NBC's Dateline program three years after each spent 60 hours or less at Ground Zero for purposes of producing a potential documentary). Plaintiff does not allege with specificity how the non-New York Defendants availed themselves of New York during Hill's reporting process. Without any allegation that they engaged in some substantial conduct within or concerning New York, the Court cannot exercise specific personal jurisdiction over the non-New York Defendants.

      **D.**    **John Does and XYZ Corporations**

Plaintiff also names John Does and XYZ corporations as defendants in the caption of the amended complaint. Because Plaintiff alleges no facts showing how the Doe defendants and XYZ corporations were directly involved in the alleged defamation, and provides no information that would allow identification of these defendants, the Court declines to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), concerning these defendants at this time.

## CONCLUSION

The Clerk of Court is directed to issue summonses as to the *New York Times*, Ellen Pollock, Kashmir Hill, the Daily Podcast, and Michael Barbaro, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court directs Plaintiff to provide the Court, within 30 days of the date of this Order, the address where Lily Meier may be served.

The Clerk of Court is also directed to mail an information package to Plaintiff, including a copy of this Order.

SO ORDERED.

Dated: November 9, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge