UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADIRE ATAS, <br><br> Plaintiff, <br><br> -v- <br><br> THE NEW YORK TIMES COMPANY, *et al.*, <br><br> Defendants. | 22-cv-853 <br><br> ORDER DENYING REQUEST FOR PRO BONO COUNSEL |

J. PAUL OETKEN, United States District Judge:

Plaintiff has filed an Application for the Court to Request Pro Bono Counsel. For the following reasons, Plaintiff's application is denied.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Courts must grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. First, the litigant must demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of

substance" – "a requirement that must be taken seriously." *Hodge,* 802 F.2d at 60–61. *See also Johnston v. Mah*a, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit."). "In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-3157 (KMK), 2020 WL 4505507, at *3 (S.D.N.Y. Aug. 4, 2020) (cleaned up).

If the first inquiry is satisfied, the court must then consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (cleaned up).

## DISCUSSION

Plaintiff's request to proceed *in forma pauperis* was granted on May 10, 2022. (Dkt. No. 7.) Plaintiff therefore qualifies as indigent.

Plaintiff asserts defamation claims against *The New York Times*, several of its employees, and one relative of an employee arising from the publication of two articles and one podcast episode.[1] Her Seconded Amended Complaint also seeks to add as a defendant Dr. Todd Essig, a psychologist quoted in the first article. Under New York law, to state a claim for defamation, a plaintiff must allege "(1) a written [or spoken] defamatory statement of and concerning the

---

[1] The articles were titled, "A Vast Web of Vengeance" and "Woman Accused of Defaming Dozens Online Is Arrested." The articles were also discussed on *The Daily* podcast, reporter Kashmir Hill's social media accounts, and other *New York Times* social media accounts. (Dkt. No. 8; Dkt. No. 23).

2

plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or *per se* actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019).

Even if the Court were to conclude that Plaintiff's claims, construed liberally, are of substance, the *Hodge* factors weigh against the appointment of pro bono counsel at this time. Plaintiff's allegations relate to facts and circumstances within Plaintiff's knowledge—indicating that she has the ability to investigate the crucial facts. Plaintiff alleges, for example, that the *Times* articles defamed her through accusations that she threatened other individuals, that she was the author of certain harassing internet postings, that she suffers from mental illness, and that she at some time resided at a homeless shelter. (*See* Dkt. No. 23 at ¶¶ 60-66). Though Plaintiff does not possess legal training, "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11 CIV. 6061 PKC KNF, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012). Here, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Greenland*, 2020 WL 4505507, at *4 (cleaned up). Plaintiff's filings indicate that she is able to understand and plead the basic elements of defamation. Given that the allegedly defamatory statements concern information within Plaintiff's personal knowledge, the Court does not find that the appointment of counsel would increase the likelihood of a just determination at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the motion at Docket Number 35 and to mail a copy of this order to the pro se party.

SO ORDERED.

Dated:   December 22, 2022
         New York, New York

                                                    J. PAUL OETKEN
                                          United States District Judge