## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

**22-CV-00853-JPO**

**Nadire Atas**

**Plaintiff**

                                                                **JURY TRIAL**
                                                                **Pro se case**

                **against**

**The New York Times Company d/b/a The New York Times**

**Ellen Pollock**

**Lily Meier**

**Kashmir Hill .**

**Aaron Krolik**

**THE DAILY PODCAST,**

**Michael Barbaro**

**John Does 1 through 20,**

**XYZ Corporations 1 through 10,**

                                **Defendants**

                        Nadire Atas
                        411- 11 Thorncliffe Park Dr
                        Toronto, ON M4H 1P3
                        nadireatas@gmail.com

**PART I**

1. The Plaintiff ( " Atas" ) filed this lawsuit on January 30, 2022 that the New York Times Defendants ( "The Times") had published a myriad of false and defamatory statements about ( "Atas" ) without privilege to the entire world through the New York Times website, In print, on Twitter, Linkedin, Facebook, on The Daily Beast and on Matt Galloway CBC Radio

2. The Plaintiff ("Atas") opposes the Defendants Lily Meier's motion to dismiss the Plaintiff's Complaint with Prejudice under Rule 12(b)(6)

3. The Plaintiff ("Atas") ask the Court to treat the briefing as a motion to dismiss under Rule 12(b)(6)

4. If the Court decides to treat the motion under Rule 12(b)(6) as a summary judgment under Federal Rules of Civil Procedure 56, the Court should give the Plaintiff notice and allow the Plaintiff time to respond accordingly.

5. The Defendants Lily Meier has not filed an answer

6. There hasn't been any opportunity for discovery at this point.

7. As set out in the Plaintiff (" Atas") responding material, the Plaintiff (" Atas") was arrested and criminally charged under the Criminal Code of Canada in Toronto, Canada on February 9 , 2021 and April 7, 2021 following the publication of the Defendants ( "The Times") article.

8.  Plaintiff (" Atas") was charged by the same parties ( civil litigants )  to the Judgment of Justice Corbett that is linked to the Defendants ( "The Times") article published January 30, 2021.

9.   Plaintiff (" Atas") was charged by the sources to the article published January 30, 2021.

10.  including Lily Meier, who is the daughter of the editor of the New York Times., Ellen Pollak, the  same parties ( civil litigants )  to the Judgment of Justice Corbett that is linked to the Defendants ( "The Times") article published January 30, 2021.

11. Plaintiff (" Atas") was charged by the Toronto Police Services for defamation, libel and harassment for the internet posts that were the subject of the the Judgment of Justice Corbett that is linked to the Defendants ( "The Times") article dated January 30, 2021.

12. The Toronto Police Services had been provided with the same 30,000 pages of documents filed in the civil litigation  before Justice Corbett in addition to Plaintiff (" Atas") seized computer and cell phone.

13. With the investigative powers of the Toronto Police Services , a search warrant to search Plaintiff (" Atas")  computer and phone and the 30,000 pages of documents  , the Toronto Police found no evidence of internet posts and the Attorney General in its own volition withdrew all the criminal charges against the Plaintiff (" Atas") on December 7, 2021.

14. The Plaintiff (" Atas") does not have Criminal convictions  anywhere in the World and does not have a Criminal Record.


 **PART II**


**NYT JANUARY 30 2021 ARTICLE**

## A.  MATT HEFLER

15.  The Defendants ( "The Times") published without privilege the false and defamatory statements about the Plaintiff ( "Atas" ) on the New York Times website at nytimes.com on January 30, 2021 at the URL

https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world that Ms Atas is the author of false and defamatory internet posts about Matthew Hefler since June 2020 and wrote the following : 👍

 In June 2020, Matthew Hefler, 32, the brother-in-law of a colleague of Ms. Wallis, became one of the latest targets. Mr. Hefler, who lives in Nova Scotia, is a historian who recently completed his Ph.D. in war studies. He is trying to find a teaching job. But anyone who searches for him online will encounter posts and images tarring him as a pedophile and "pervert freak." Until recently, Mr. Hefler had never heard of Ms. Atas. He had no clue why she was attacking him. "You discover that someone you've never met, across the country, is running a one-man troll farm against you," Mr. Hefler said. "It's a nightmare scenario."

16.  The Defendant ( "The Times") then  published the false and defamatory statement without privilege to its 54 Million followers and 192 Million Twitter users on its Twitter Account at 2:57 PM on January 30, 2021 on the URL

https://twitter.com/nytimes/status/1355606062779551744 with a link to the New York Times article dated January 30, 2021 the following:

"You discover that someone you've never met, across the country, is running a one-man troll farm against you. It's a nightmare scenario." MATTHEW HEFLER. HISTORIAN WHO WAS TARGETED ONLINE BY NADIRE ATAS

17. The Defendants ( "The Times") are not shielded from liability by the defense of privilege as Matthew Hefler is not in any way associated or connected with any litigation involving the Plaintiff ( " Atas" ) and this has never been before the Court on this matter .

## B.  MATTHEW CAMERON

18. The Defendants ( "The Times") published without privilege the false and defamatory statements about Ms Atas on the New York Times website at nytimes.com on January 30, 2021 at the URL https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world  that the Plaintiff ("Atas') is the author of Craigslist emails to Matthew Cameron that reads as follows:

Ms. Atas allegedly resorted to revenge. In 2009, Matt Cameron, a junior lawyer working with Ms. Wallis on the Atas case, started getting calls and emails at the office from men interested in meeting for sex. Someone impersonating him had responded by email to raunchy Craigslist ads and given his contact information. (Metadata from those emails, filed in court, pointed to Ms. Atas's involvement.)

19. The Plaintiff ( " Atas" ) had  put The Defendants ( "The Times")  on notice of the falsity of the statement prior to publication

20.  The Plaintiff ( " Atas" ) had   even provided to the Defendants ( "The Times")  the transcript of the hearing before Justice Corbett on September 11, 2015, where the Court unequivocally rejected the purported  " Metadata "

21. The Defendants ( "The Times") are not shielded from liability  by the defense of privilege as Matthew Cameron  is not in any way associated or connected with any litigation involving the Plaintiff  ( " Atas"  ) and he has never been before the  Court on this matter.

**C.  GUY BABCOCK**

22. The Defendants ( "The Times") published the false and defamatory statements about the Plaintiff ( " Atas")  on the New York Times website at nytimes.com on January 30, 2021 at the URL https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world that Ms Atas is the author of letters allegedly circulated over two decades ago and wrote the following:

Mr. Babcock felt lightheaded. A memory came back to him: When his mother died in 1999, the family had received vulgar, anonymous letters celebrating her death. A neighbor received a typed letter stating that Mr. Babcock's father "has been seen roaming the neighborhood late at night and masturbating behind the bushes." The Babcocks had suspected Ms. Atas, who was the only person who had ever threatened them. (Ms. Atas denied making threats or writing the letters.)

23.  Following the NYT article,   The Defendant Kashmir Hill appeared on the CBC Radio The Current on February 17, 2021 and published without privilege that the Babcocks were never able to prove that Ms Atas is the author of any letters sent in their neighborhood. Below are the words of the Defendant Kashmir Hill on he CBC Radio The Current on February 17, 2021 at the URL https://www.cbc.ca/radio/thecurrent/the-current-for-feb-17-2021-1.5916652

KASHMIR HILL: It's hard to say exactly when it started. She she actually had kind of done these attacks on people pre-Internet. There was a family that had employed her. And after she lost her job there, it appears that she sent them anonymous letters in the mail after the mother in the family died, saying horrible things about her. And she sent, it seems, letters to their neighbours saying that the father in the family had been seen roaming the neighbourhood at night and masturbating. And they had thought at the time that it was Nadire Atas, but they were never able to prove it. The Defendant ( "The Times") published the false and defamatory statement with knowledge that the statement is false or reckless disregard for the truth  because the Babockc had apparently told her that the " the Babcocks were never able to prove that Ms Atas is the author of any letters sent in their neighborhood." which the reporter Kashmir Hill then repeated on the CBC Radio The Current on February 17, 2021

### D.  KASHMIR HILL AND THE DEFENDANTS ( "THE TIMES")

24.  The Defendants ( "The Times") published without privilege the false and defamatory statements about The Plaintiff ( " Atas" )  on the New York Times website at nytimes.com on January 30, 2021 at the URL https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world that   that Ms Atas has published internet posts about the defendants Kashmir Hill and her husband and defendant Ellen Pollock and wrote the following:

During an interview with Ms. Atas in November, she grew angry that I planned to write this article. A week later, someone started writing posts about me and my husband on Cheaterbot, BadGirlReports and some of the other sites where Mr. Babcock and others had been targeted. The posts claimed that my husband was a drug addict and that I was a plagiarist who slept with my boss in order to get promoted. Ms. Atas said it wasn't her. Within a week, there were more than 100 posts about me. After Ms. Atas talked to my editor, posts appeared about her. Ms. Atas said she hadn't created those, either.

25.  Defendant Kashmir Hill then published the false and defamatory statement without privilege to the entire world and to her 3 Thousand followers and 875 Million Linkedin users on her Linkedin Page at https://www.linkedin.com/in/kashmirhill/recent-activity/ on January 31, 2021 that that ( "Atas" )  published internet posts about herself, her husband and her editor  the following :

I've written many stories about people being slandered online and not being able to fix it, but this one was at a scale and scope I've never encountered before. This woman attacks her perceived enemies, and then their family members and their colleagues and on and on. While I reported out the story, she came after me, my husband and my editor

26.  Defendant Kashmir Hill again published false and defamatory statement without privilege for the world to see and to her 267 Thousand followers and 192 Million Twitter users on her Kashmir Hill Twitter Account at 2:42 PM on January 30, 2021 on

 https://twitter.com/kashhill/status/1355602407082831874 the following :

The woman goes after someone's reputation online, and those of their family

members, and of their colleagues. As I reported the story out, defamatory posts

started appearing about me. And my husband. And my editor.

### E.  KASHMIR HILL AND THE DEFENDANTS ( "THE TIMES") AND UNNAMED
### SOURCE

26.  The Defendants ( "The Times") published without privilege the false and defamatory

statements about Ms Atas on the New York Times website at nytimes.com on January 30, 2021

at the URL https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html

and in print to the entire world the following:

A relative of Ms. Atas told me that family members had repeatedly tried and failed to get her help for mental health
problems.

27.   The Plaintiff ( " Atas" )  states that The Defendants ( "The Times") fabricated this purported

contact with ( "Atas") unnamed family member . No such contact took place between the the

Defendants ( "The Times") or the Plaintiff's family member

28. The Defendants ( "The Times") fabricated this to perpetuate the false narrative that The

Plaintiff ( " Atas" ) is mentally ill and unable to care for herself and therefore only a mentally ill

person would publish internet posts .

**F.  KASHMIR HILL AND THE DEFENDANTS ( "THE TIMES") AND UNNAMED SOURCE**

29. The Defendants ( "The Times") published without privilege the false and defamatory statements about the Plaintiff ( " Atas")  on the New York Times website at nytimes.com on January 30, 2021 at the URL

https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world that Ms Atas is the author of internet posts about an unnamed woman who fears her.  The Defendants published without privilege in " A Vast Web of Vengeance " on the New York Times website at nytimes.com on January 30, 2021 at the URL https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html the following:

A relative of one lawyer said she spent months applying for jobs in 2019 without getting any offers. The woman, who asked not to be named because she feared Ms. Atas, said her bills piled up.

**G.  KASHMIR HILL AND THE DEFENDANTS ( "THE TIMES") AND UNNAMED SOURCE**

30.  The Defendants published without privilege  the false and defamatory statements about the Plaintiff ( " Atas")  on the New York Times website at nytimes.com on January 30, 2021 at the URL

https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world that Ms Atas thethe following:

Ms. Atas moved into one of the apartments in her Toronto building, which was the subject of complaints from tenants. One, who moved in during 2008, found their new apartment filthy. When they opened the refrigerator, the tenant said in an interview, a "waterfall of maggots" poured out.

## H.  KASHMIR HILL AND THE DEFENDANTS ( "THE TIMES")

31. The Defendants ( "The Times") published without privilege the false and defamatory statements about the Plaintiff ( " Atas")  on the New York Times website at nytimes.com on January 30, 2021 at the URL https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world that Ms Atas is the author of a years old comment on the internet and that Ms Atas  had the means to delete it and wrote the following :

Ms. Atas claims that she didn't write those posts and that her enemies fabricated the case against her. But the evidence suggests otherwise. For example, most of the attacks were posted anonymously, but like Mr. Babcock, I discovered a "paedophile" accusation against him on an old WordPress blog where she was listed as the author. When I asked her about it, Ms. Atas denied writing it. A few days later, the years-old comment had been deleted.

**32.** The Defendants ( "The Times")  had collaborated with  Matthew Cameron  for the NYT article as Matthew Cameron and the other civil litigants had been filing parallel complaints with the Toronto Police Services to coincide with the release of Justice Corbett's Judgment ( released January 28, 2021) and the publication of the NYT article ( January 30, 2021) . The same had been shared with the Toronto Police Services  in January 6, 2021 with a reference to the NYT reporter, three weeks before the publication of the NYT article ( January 30, 2021)

## I.  KASHMIR HILL AND THE DEFENDANTS ( "THE TIMES")

33.  The Defendants ( "The Times") published without privilege the false and defamatory statements about the Plaintiff ( " Atas")  on the New York Times website at nytimes.com on January 30, 2021 at the URL

https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world that Ms Atas' life was beginning  to fall apart

BUT HER LIFE WAS BEGINNING TO FALL APART

34. The Defendants ( "The Times") perpetuate the false narrative and to smear ("Atas") internationally that  ("Atas") is mentally ill and   out of control

**J.  2001 CRIMINAL CHARGE**

35.  The Defendants ( "The Times") published without privilege the false and defamatory statements about the Plaintiff ( " Atas")  on the New York Times website at nytimes.com on January 30, 2021 at the URL

https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in print to the entire world that  " a restraining order " was issued against Ms Atas and wrote the following:

But around 2001, according to Ontario court filings, she was arrested and charged with assault and resisting arrest. The charges were ultimately withdrawn, but a peace bond, Canada's equivalent of a restraining order, was issued against her.

36. This is false and defamatory and intended to perpetuate the false narrative  and to smear ("Atas") internationally that  ("Atas") had a  " a restraining order " issued against her as she is dangerous and violent .

37. It is false that  a peace bond is Canada's equivalent of a restraining order . Canada has both  "peace bonds"  and "restraining order" and they serve a different legal purpose.

38. The Defendants ( "The Times") were acting as useful idiots for the litigants in Canada who had an agenda rather than as  journalists

**THE FEBRUARY 10, 2021 ARTICLE**

39.  The Defendants ( "The Times") published without privilege the false and defamatory statements about the Plaintiff ( " Atas")  on the New York Times website at nytimes.com on February 10, , 2021 at the URL https://www.nytimes.com/2021/02/10/technology/nadire-atas-arrest.html titled " Woman Accused of Defaming Dozens Online Is Arrested " the following:

The day after The Times published its article, which quoted Ms. Wallis extensively, a site called GossipBlaze.com emailed her, saying it believed that Ms. Atas had "been spamming our submission form with tens if not hundreds of posts."

"Almost all of them are from the same IP and we figured it might be helpful to pass you this info," the email said, referring to an internet protocol address, a unique identifier used by a computer or a computer network.

40. The Defendants ( "The Times") published a false and defamatory statement without privilege and are not shielded from liability. The statement is false and defamatory that the Plaintiff ( " Atas ") was publishing on the internet .

41. The Toronto Police Services , upon arrest and investigation, found  was no evidence and withdrew all Criminal Charges

**THE CURRENT WITH MATT GALLOWAY ON FEBRUARY 17 2021 ( CBC RADIO)**

42.  The Defendant Kashmir Hill appeared on the CBC Radio The Current on February 17, 2021 and without privilege published statements that the Babcocks were never able to prove that Ms Atas is the author of any letters sent in their neighborhood. Below are the words of the Defendant Kashmir Hill on he CBC Radio The Current on February 17, 2021 at the URL

https://www.cbc.ca/radio/thecurrent/the-current-for-feb-17-2021-1.5916652

KASHMIR HILL: It's hard to say exactly when it started. She she actually had kind of done these attacks on people pre-Internet. There was a family that had employed her. And after she lost her job there, it appears that she sent them anonymous letters in the mail after the mother in the family died, saying horrible things about her. And she sent, it seems, letters to their neighbours saying that the father in the family had been seen roaming the neighbourhood at night and masturbating. And they had thought at the time that it was Nadire Atas, but they were never able to prove it.

43. Despite  The Defendants ( "The Times") knowledge of the  Babcock's admission that

they " were never able to prove it " , The Defendants ( "The Times")  published the false

and defamatory statements about the Plaintiff ( " Atas")  on the New York Times website

at nytimes.com on January 30, 2021 at the URL

https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html and in

print to the entire world that Ms Atas is the author of letters allegedly circulated over two

decades ago and published with actual knowledge that the statement is false or reckless

disregard for the truth and wrote the following:

Mr. Babcock felt lightheaded. A memory came back to him: When his mother died in 1999, the family had
received vulgar, anonymous letters celebrating her death. A neighbor received a typed letter stating that Mr.
Babcock's father "has been seen roaming the neighborhood late at night and masturbating behind the
bushes." The Babcocks had suspected Ms. Atas, who was the only person who had ever threatened them.
(Ms. Atas denied making threats or writing the letters.)

44. The Plaintiff (" Atas") had put on notice The Defendants ( "The Times") that Guy

Babcock  and his brother in law Luc Groleau  had filed  false affidavits with the Court in

Toronto including that the Plaintiff ( "Atas") had threatened John Babcock ( a Criminal

offense)  .

45. The Defendants ( "The Times") refused to consider why there had not been a

complaint filed with Hamilton Police,  Real Estate Council of Ontario nor the Hamilton

Real Estate Board ( regularity boards for Realtors) over a purported threat  and instead

The Defendants ( "The Times") published in the NYT article statement with knowing or

reckless disregard of its falsity.

46. The Defendants ( "The Times") have  been acting like useful idiots for litigants in a foreign country with an agenda rather than reporters.

**THE DAILY BEAST  ON APRIL 6, 2021**

### A.  The Defendants Kashmir Hill and Michael Barbaro

47. . The Defendants Kashmir Hill and Michael Barbaro published false and defamatory statements without privilege to the entire world on the The Daily Beast  on April 6, 2021 at the URL for the podcast at

https://www.nytimes.com/2021/04/06/podcasts/the-daily/a-vast-web-of-vengeance-part-1 .html the following :

But then over time, her behavior changed in her performance deteriorated. Her office got very messy. And so the Babcock's basically went in and there was just dirty laundry and like half eaten food. And then this really concerning incident happened where a homeowner's signature had been forged to keep the house on the market.

48. This was to perpetuate the false narrative that the Plaintiff ( " Atas") suffers from severe mental illness and that she kept her laundry in her office

49. This was to perpetuate the false narrative that the Plaintiff ( " Atas") is dishonest in business and that  " a homeowner's signature had been forged to keep the house on the market." to smear the Plaintiff ( " Atas") internationally to the world .

50. These are serious legal and regulatory issues and if true and  occurred would have been reported to the Real Estate Council of Ontario and  the Hamilton Real Estate Board ( regularity boards for Realtors) by the Babcocks ( Brokers) and/or the homeowners.

51. The Plaintiff (" Atas") had put on notice The Defendants ( "The Times") that Guy Babcock  and his brother in law Luc Groleau  had filed  false affidavits with the Court in Toronto

52. The Defendants ( "The Times") refused to consider why there had not been a complaint filed with the  Real Estate Council of Ontario nor the Hamilton Real Estate Board ( regularity boards for Realtors)

53. These are serious legal and regulatory issues and if true and  occurred would have been reported to the Real Estate Council of Ontario and  the Hamilton Real Estate Board ( regularity boards for Realtors) by the Babcocks ( Brokers) and/or the homeowners.

54. The Defendants ( "The Times") have  been acting like useful idiots for litigants in a foreign country with an agenda rather than reporters.

## B.  THE DEFENDANTS KASHMIR HILL AND MICHAEL BARBARO

55. The Defendants Kashmir Hill and Michael Barbaro published false and defamatory statements without privilege to the entire world on the The Daily on April 6, 2021 at the URL for the podcast at https://www.nytimes.com/2021/04/06/podcasts/the-daily/a-vast-web-of-vengeance-part-1 .html the Plaintiff ("Atas") is the author of internet posts about the Defendant Kashmir Hill with the following false statements:

And these sites have fed on those problems. And there's other people like her. And these kinds of things are going to keep happening. So how are the Babcock's doing right now? I mean, they're their nemesis, their tormentor has been arrested. So how are they feeling about all this? [00:26:41] I called Luke recently to see if it felt like it was finally over. You know, you'd been dealing with this for years. How did you feel when you found out that she had been arrested? It's hard to put in words a little bit of a mission accomplished type of feeling, but at the same time that you know that she'll be out of jail and that if history is proof of what's going to happen in the future. We know that she's going to resume her attacks and that she will probably intensify the attacks so it doesn't feel like it's over KAPONO very, very far from her. [00:27:39] I think we probably have many years ahead of us. [00:27:45]

56. The Defendants ( "The Times") published the false and defamatory statement without privilege and are not shielded from liability.

**ARREST AND CRIMINAL CHARGES FEBRUARY AND APRIL 2021**

57. On February 9, 2021, just days after the publication of the New York Times article , The Plaintiff ( " Atas" )  was charged for Defamation, Libel and Harassment  under the Section 300 Section 372 (1) , Section 264 (2) (b) of the Criminal Code of Canada for offenses between the 1st day ofJanuary in the year 2000 and the 9th day of February in the year 2021 at the City of Toronto in the Toronto Region for offenses against the following complainants who also happened to be litigants to the Judgment of Justice Corbett that is linked to the New York Times article dated January 30, 2021.

       a. Dr. Joseph Caplan ,

       b. Michael Borysenko,

       c. Matthew Cameron

    d. Gary Caplan

    e. Matt Hefler

    f. Christina Wallis

    g. Natalie Wallis

    h. Luc Groleau

    i. Guy Babcock

    j. Jonathan Stancer

    k. Brad Bartja

58.    On April 7, 2021, Ms Atas was once again charged with  Defamation, Libel and Harassment Under the Section 300 Section 372 (1) , Section 264 (2) (b) of the Criminal Code of Canada for offenses between the 1st day of January in the year 2000 and the 7th day of April in the year 2021 at the City of Toronto in the Toronto Region for offenses against the following complainants

    a. Lily Meier ( daughter of the Defendant Ellen Pollock, editor of the New York Times )

    b. John Babcock

    c. Samantha Stancer

d. Alana Stancer

59.   On April 23, 2021, a New York Times reporter attended Ms Atas' bail hearing and the

following day emailed the Attorney General of Ontario with the following

https://www.nytimes.com/interactive/2021/04/24/technology/online-slander-websites.htm

60. The Toronto Police Services had been provided with the same 30,000 pages of documents

and affidavits that had been filed before Justice Corbett in the civil litigation.

61. In September 2021, the Toronto Police Services obtained a search warrant to search the

Plaintiff (" Atas") seized  electronic devices

62. Toronto Police Services found no evidence of internet posts on Ms Atas' electronic

devices

63. The Toronto Police Services performed a full investigation

64. On December 7, 2021, the Attorney General of Ontario on is own volition

withdrew all the Criminal Code charges against the Plaintiff ( "Atas ")

65. The Plaintiff ( "Atas ") has never been convicted of an offense

66. The Plaintiff ( "Atas ") does not have a Criminal Record

**RULE 12(B)(6) MOTION**

67. To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint

must plead "enough facts to state a claim to relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While

legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations." Id. at 679. "Where, as here, the

complaint was filed pro se, it must be construed liberally with special

solicitude and interpreted to raise the strongest claims that it suggests."

Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013). "Nonetheless, a pro se

complaint must state a plausible claim for relief." Id.

As for the nature of what is "plausible," the Supreme Court explained that

"[a] claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the  reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009). "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense....[W]here the

well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is

entitled to relief." Iqbal, 129 S.Ct. at 1950 [internal quotation marks and citations omitted].

However, while the plausibility standard "asks for more than a sheer possibility that a

defendant has acted unlawfully," id., it "does not impose a probability requirement." Twombly, 550 U.S. at 556.

## N.Y. CIVIL RIGHTS LAW § 76-A ( NEW YORK ANTI-SLAPP LAW )

68. The Second Circuit has set forth the relevant standards to determine whether a provision of an anti-SLAPP statute applies in federal court: "The test is whether a Federal Rule of Civil Procedure answers the same question as the [provision at issue]. If so, the Federal Rule governs, unless it violates the Rules Enabling Act." La Liberte v. Reid, 966 F.3d 79, 87 (2d Cir. 2020) (internal quotatiomarks and citations omitted).

New York's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") law raises the pleading standard for "action[s] involving public petition and participation" ("SLAPP actions"). N.Y. C.P.L.R. § 3211(g). That heightened pleading standard does not apply in federal court. See La Liberte v. Reid, 966 F.3d 79, 88 (2 Cir. 2020) (holding that Rule 12 applies rather than the pleading standard in California's anti-SLAPP Act); see also Sweigert v. Goodman, No. l8-cv-8653, 2021 WL 1578097, at *3 (S.D.N.Y. Apr. 22, 2021).

**LEGAL ARGUMENT**

69. The Plaintiff ( " Atas" )  Complaint states   plausible claims.

 her

70. The Plaintiff ( " Atas" ) claims are premised on false and defamatory

statements published without privilege for which the Defendants are not

shielded from liability.

71. The Defendants rely heavily on the Judgment of Justice Corbett,dated

January 28, 2021  that is  linked to the New York Times January 30, 2021

article, however, the the Judgment of Justice Corbett is limited to what was

before him on the motions on November 15, 2019.

71. In addition, the Toronto Police Services investigation in 2021 and the

Attorney General of Ontario's decision to withdraw the charges affirms that

there was no evidence that the The Plaintiff ( " Atas" ) is the author.

72. Lily Meier's  motion to dismiss  the

Plaintiff ( " Atas" ) Complaint  should be dismissed and the The Plaintiff ( "

Atas" ) be given leave to amend her complaint  to comply with the

provisions of  Rule 8.


 **THE STATEMENTS AT ISSUE ARE FALSE AND DEFAMATORY AND WERE**

**PUBLISHED WITHOUT PRIVILEGE**

73. The Plaintiff ( " Atas" ) is not relitigating.

74. The Plaintiff ( " Atas" ) is litigating.

75. Justice Corbett's Judgment that is linked to the NYT January 2021  article is limited to  what was before Justice Corbett on the motions on November 15, 2019.

76. Although the litigants tried to expand the ambit of Justice Corbett's Judgment in 2021 to include internet postings throughout 2020 and 2021, , Justice Corbett refused and wrote the following in Caplan v. Atas, 2021 ONSC 5390 (CanLII) dated August 5, 2020 at Para 23 that he "makes findings of authorship".

77. The Plaintiff ( " Atas" ) claims involve the Defendant Kashmir Hill who has published multiple times without privilege that The Plaintiff ( " Atas" ) is the author of internet posts about herself, her husband and her editor .

78. The Plaintiff ( " Atas" ) first communication with Kashmir Hill was in October 2020 and prior to that , she had never heard of her.

79.The Defendant Kashmir Hill's appearances on the Daily Beast and the CBC Radio expose that she had full knowledge that the Babacock  litigants to Justice Corbett's Judgment had deliberately filed false affidavits as evidence.

80. The Plaintiff ( " Atas" ) claims also  involve the false and defamatory publications that The Plaintiff ( " Atas" ) is the author and publisher of internet posts about Matthew Hefler that started in June 2020.

91. The Plaintiff ( " Atas" ) arrest in 2021 and the thorough Toronto Police Investigation that included the same 30,000 pages of documents that were before Justice Corbett and in addition, The Plaintiff ( " Atas" )  seized computer and cell phone produced no evidence that The Plaintiff ( " Atas" ) is the author.

92. The Plaintiff ( " Atas" ) is not estopped from litigating false and defamatory statements published without privilege  to the world about her

**THE FAIR REPORT PRIVILEGE**

94. The Plaintiff ( " Atas" ) is not barred by the fair report privilege because fair report privilege doesn't apply to her claims .

94. Not all of the reporting in the NYT articles rely on and convey the contents of judicial proceedings.

95. The Defendants ( "The Times") are not  shielded  from liability by fair report privilege

**ATAS CAN PLAUSIBLY PLEAD ACTUAL MALICE**

96. The Plaintiff ( " Atas" ) is not a public figure

97. The Defendants ( "The Times") published false and  defamatory statements about the The Plaintiff ( " Atas"  ) " with knowledge that statements were false or despite a "high degree of awareness" of their "probable falsity

98. The Defendants ( "The Times") published false and  defamatory statements about The Plaintiff ( " Atas"  )with actual knowledge that the statement is false or reckless disregard for the truth.

99. The Plaintiff ( " Atas"  ) put  The Defendants ( "The Times") on notice prior to publication of the falsity of what Kashmir Hill was determined to publish.

100. The Plaintiff ( " Atas"  )  provided  the  The Defendants ( "The Times") with documents prior to publication that showed the falsity of what Kashmir Hill  was determined to publish.

101. The Defendants ( "The Times") have published false and  defamatory statements to deliberately smear The Plaintiff ( " Atas"  ) to the World with a false narrative that she is  an out of control psychotic who carries on a decades long vendetta  on the internet .

102. The Plaintiff ( " Atas"  ) did not point to any information that would have put The Times on notice of the falsity of the  allegations about the tenants because The Plaintiff ( " Atas"  ) was not notified prior to the publication that this would be in the article.

103. The Plaintiff ( " Atas"  )  told the The Defendants ( "The Times") and Kashmir Hill that the Babcocks had filed false affidavits

104. The Defendants ( "The Times") and Kashmir Hill were obviously unconcerned why the Babcocks would not have filed complaints with the Hamilton Police or the Regulator for the Realtors if The Plaintiff ( " Atas"  ) had threatened John Babcock or forged documents ( both under the perview of the Criminal Code and the Regulator )  .

105. The Defendants ( "The Times") have misunderstood The Plaintiff ( " Atas"  ) claim about unnamed family members purportedly contacted who confirmed that The Plaintiff ( " Atas"  ) suffered from mental illness and was refusing help.

106. The Plaintiff ( " Atas"  ) claim states that  The Defendants ( "The Times") and Kashmir Hill **fabricated** that any contact had been made with family in order to perpetuate the false narrative that The Plaintiff ( " Atas"  )  is mentally ill and will not accept help.

**ATAS'S VICARIOUS LIABILITY, NEGLIGENT SUPERVISION AND RESPONDEAT**

**SUPERIOR CLAIM**

107. The Plaintiff ( " Atas" ) has a claim for Vicarious Liability, Negligent Supervision And

Respondeat Superior as the Defendants Kashmir Hill, Michael Barbaro and Ellen Pollak have

engaged in conduct that  the New York Times is liable for .

108. Defendants Kashmir Hill,  Ellen Pollak and her daughter Lily Meier  have stepped into the

story and become the story by alleging that  The Plaintiff ( " Atas"  )  defamed them and together

with the sources to the NYT article have pursued Criminal Charges

109. The Plaintiff ( " Atas"  ) does not know Lily Meier

110.Defendants Kashmir Hill and  Ellen Pollak have together included    Lily Meier in the story

also alleging that  The Plaintiff ( " Atas"  ) is the author

**CONCLUSION**

For all the reasons set forth above, The Plaintiff ( " Atas"  ) respectfully requests that the Court

dismiss the Defendants' Motion  pursuant to Federal Rule of Civil Procedure 12(b)(6) and grant

leave to the The Plaintiff ( " Atas"  ) to  amend her complaint and  provide such other and further

relief as the Court deems appropriate.

 Monday June 5, 2023                                            Respectfully submitted

Nadire Atas
411- 11 Thorncliffe Park Dr
Toronto, ON M4H 1P3
nadireatas@gmail.com
nadireatas24@gmail.com