UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NADIRE ATAS,

              Plaintiff,

-v-

THE NEW YORK TIMES COMPANY, *et al.*,

              Defendants.

22-CV-853 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Nadire Atas, proceeding *pro se*, brings this action against Defendants The New York Times Company, The Daily Podcast, Ellen Pollock, Kashmir Hill, Aaron Krolik, Michael Barbaro, John Does 1-20, and XYZ Corporations 1-10 (collectively, "The Times"), as well as Defendant Lily Meier, alleging defamation. According to Atas, The Times — through news articles, podcast episodes, and interviews of its journalists — defamed her by describing her as a mentally ill woman who has engaged in years-long campaigns of harassment against her perceived enemies using the internet and the Canadian court system. Pending before the Court are The Times's and Meier's motions to dismiss. For the reasons that follow, the motions to dismiss are granted.

**I.    Background**

    The following facts are taken from the Third Amended Complaint (ECF No. 43) and documents incorporated into it by reference. They are presumed true for the purposes of resolving Defendants' motions to dismiss. The Court also relies on facts contained within documents subject to judicial notice.

    On January 30, 2021, The Times published an article titled "A Vast Web of Vengeance" on its website and in print. (*Id.* ¶ 2.) The article, written by Defendant Hill, described the

phenomenon of "complaint sites," which allow anonymous internet users to post malicious and often false accusations about people for the purpose of retribution for perceived slights.[1]  It reported that Plaintiff is one such person, responsible for anonymous internet posts targeting those who have slighted her with unfounded accusations of pedophilia, theft, and fraud, among other offenses.  The article also reported on Canadian court proceedings against Plaintiff for defamation.  It included the statement that in 2017, Judge David Corbett of the Ontario Superior Court of Justice deemed Plaintiff "a vexatious litigant who was 'ungovernable and bent on a campaign of abuse and harassment.'"  Additionally, the article reported that on January 28, 2021, the same judge had issued a ruling stating that Plaintiff was responsible for "unlawful acts of reprisal."

On February 10, 2021, The Times published a follow-up article reporting that Plaintiff had been arrested the previous day for harassment and libel.[2]  (*Id.* ¶ 3.)  On February 17, 2021, Hill gave an interview on CBC Radio referencing the two articles.  (*Id.* ¶ 147.)  On April 6, 2021, Defendant Michael Barbaro interviewed Hill about her reporting on The Daily Podcast, which is published by The Times.[3]  (*Id.* ¶¶ 156 – 171.)

On April 7, 2021, Atas was charged with criminal harassment and libel under the Canadian Criminal Code for offenses occurring between January 1, 2000 and April 7, 2021.  (*Id.*

---

[1] Kashmir Hill, *A Vast Web of Vengeance*, N.Y. Times (Jan. 30, 2021), https://www.nytimes.com/2021/01/30/technology/change-my-google-results.html.  Plaintiff integrates the URL into her Third Amended Complaint.  (ECF No. 43 ¶ 2.)  The Court takes judicial notice of the article's contents and the contents of each allegedly defamatory piece of media integrated into the Third Amended Complaint.

[2] Kashmir Hill, *Woman Accused of Defaming Dozens Online Is Arrested*, N.Y Times (Feb. 10, 2021), https://www.nytimes.com/2021/02/10/technology/nadire-atas-arrest.html.  (ECF No. 43 ¶ 3.)

[3] The Daily, *A Vast Web of Vengeance, Part 1*, N.Y. Times (April 6, 2021), https://www.nytimes.com/2021/04/06/podcasts/the-daily/a-vast-web-of-vengeance-part-1.html.

¶ 54.)  One of the alleged victims was Defendant Lily Meier, who is the daughter of Defendant Ellen Pollock.  (*See id*.)  Pollock is an editor at The Times.  (*Id.*)  On April 24, 2021, The Times published an article written by Hill and Defendant Aaron Krolik describing the internet-based "Slander Industry."[4]  (*Id.* ¶ 4.)  The article referenced Atas as "a woman in Toronto who poisoned the reputations of dozens of her perceived enemies by posting lies about them" and linked back to the January 30, 2021 article.  On April 26, 2021, Hill and Krolik made guest appearances on a podcast called *In Lieu of Fun*, in which they discussed their reporting on Atas and the allegations against her.  (*Id.* ¶ 175.)[5]  Finally, on May 3, 2021, Barbaro again interviewed Hill on The Daily.[6]  (*Id.* ¶ 174.)  Barbaro referred to Atas as "a woman with a vendetta that stretched back 30 years."  (*Id.*)

Atas alleges that each of the aforementioned articles, interviews, and podcasts contained false and defamatory statements about her.  She also alleges that The Times Defendants re-published the defamatory statements on their social media accounts.  Broadly, Atas claims that she was not the source of any harassment campaign; that she is not mentally ill; that her family has not been trying for years to get her help for her mental health problems; and that The Times's reporting did not accurately reflect the court proceedings in Canada or the court proceedings were biased against her.  To that end, the Third Amended Complaint incorporates by reference the judgment issued by Judge Corbett on January 28, 2021 ("the Caplan Judgment").  (*Id.* ¶ 169;

---

[4] Aaron Krolik and Kashmir Hill, *The Slander Industry*, N.Y. Times (April 24, 2021), https://www.nytimes.com/interactive/2021/04/24/technology/online-slander-websites.html.

[5] In Lieu of Fun, *Episode 395: Aaron Krolik and Kashmir Hill and the Slander Industry*, (April 26, 2021), https://www.youtube.com/watch?v=N0kRJYccifA.

[6] The Daily, *A Vast Web of Vengeance, Part 2*, N.Y. Times (May 3, 2021), https://www.nytimes.com/2021/05/03/podcasts/the-daily/a-vast-web-of-vengeance-part-2.html.

3

ECF No. 59-1.)  That judgment predates The Times's first coverage of Atas.  The Court takes judicial notice of the judgment.

On January 31, 2022, Atas commenced this action.  (ECF No. 2.)  After a number of extensions and opportunities to amend her complaint, Atas filed a Third Amended Complaint nearly a year later, on December 28, 2022.[7]  (ECF No. 43.)   The Times Defendants and Defendant Meier filed motions to dismiss on January 27, 2023.  (ECF Nos. 57 and 60.)

## II.     Legal Standard

### A.     Rule 12(b)(6)

Rule 12(b)(6) authorizes a district court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss for failure to state a claim, a complainant must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

Atas is proceeding *pro se*.  "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."

---

[7] The Court also dismissed certain non-New York defendants, alleged to have served as sources for The Times's reporting, for lack of personal jurisdiction.  (ECF No. 25.)

*Meadows v. United Servs.*, Inc., 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.* (citation omitted).

    **B.**    **Judicial Notice**

In resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). It may also consider documents subject to judicial notice. (*Id.*) It is appropriate to take judicial notice "of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Prince v. Intercept*, 634 F. Supp. 3d 114, 126 (S.D.N.Y. 2022) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)). This rule extends to foreign judgments, meaning that the Court may take judicial notice of the facts and opinions stated therein without assuming their truth. *See A.I. Trade Fin., Inc. v. Centro Internationale Handelsbank AG*, 926 F. Supp. 378, 387 (S.D.N.Y. 1996); *Lichtenstein v. Cader*, No. 13 CIV. 2690, 2013 WL 4774717, at *2-3 (S.D.N.Y. Sept. 6, 2013).

**III.**    **Discussion**

    **A.**    **New York Times**

        **1.**    **Substantial Truth**

Atas's defamation claims fail because she has not plausibly alleged that the statements in question were false. To prevail on the motions to dismiss, Atas must plead facts demonstrating the falsity of the allegedly defamatory statements. *See Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 247 (2d Cir. 2017). To properly allege falsity, the complaint "must plead facts that, if proven, would establish that the defendant's statements were not substantially true." *Id.* "[A] statement is substantially true if

the statement would not have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Id.* at 242.

The Court concludes that Atas has failed to show that the statements and news articles propounded by The Times Defendants were not substantially true. The Caplan Judgment reflects (1) that Judge Corbett concluded that Atas "has used the internet to disseminate vicious falsehoods against those towards to whom she bears grudges"; (2) that "serious mental illness must underlie this conduct"; (3) that "there have been as many as 150 victims of Atas'[s] attacks"; and (4) that she was a vexatious litigant, among other findings. (ECF No. 59-1 ¶¶ 1-2, 7.)

While the Court is not permitted to take the information in the Caplan Judgment as true under the doctrine of judicial notice, it may do so under the doctrine of collateral estoppel. That doctrine "prevents parties . . . from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Zappin v. Cooper*, No. 16 CIV. 5985, 2018 WL 708369, at *15 (S.D.N.Y. Feb. 2, 2018), *aff'd*, 768 F. App'x 51 (2d Cir. 2019) (citation and quotation marks omitted). "Non-mutual collateral estoppel allows a defendant who was not party to the previous litigation to bar issues raised in subsequent litigation." *Id.* On a motion to dismiss, even taking all of the plaintiff's allegations as true, "collateral estoppel will nonetheless bar a plaintiff's claim when [a] plaintiff's factual allegations have been decided otherwise in a previous litigation." *Id.* at *17 (citation and internal quotation marks omitted). Collateral estoppel applies to judgments of foreign courts as long as the district court recognizes the foreign judgment, which the Court does here. *See F.T. Mar. Servs. Ltd. v. Lambda Shipholding Ltd.*, 533 F. Supp. 3d 149, 155 (S.D.N.Y. 2021).

Collateral estoppel has four elements: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* at 156.  The Caplan Judgment satisfies these elements with regard to the issues of whether Atas is responsible for the internet-based harassment described in The Times's reporting, whether she is a vexatious litigant, and whether she has reported suffering from mental illness.[8]

To support her defamation claims, Atas also relies on the fact that the Toronto Attorney General withdrew the criminal charges against her on December 7, 2021.  Given that the charges were withdrawn *after* each of the allegedly defamatory statements, articles, and podcasts was published, this development does not retroactively render The Times's coverage of the prior legal proceedings against Atas false.  And while Atas claims that the Toronto authorities dropped the charges against her *because* they found no evidence that she had made harassing internet posts, she provides no facts or evidence that this was, in fact, their rationale.

    2.      **Fair Report Privilege**

Atas's claims fail for the independent reason that The Times's reporting is protected by the fair report privilege.  This privilege, as codified under New York law, provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding." *Kinsey v. New York Times Co.*, 991 F.3d 171, 178 (2d Cir. 2021) (quoting N.Y. Civil Rights Law § 74).  To determine whether the privilege applies, courts consider whether "the ordinary viewer or reader can determine from the

---

[8] *See* ECF No. 59-1 (Caplan Judgment) ¶ 86 (noting that Atas at one point sought to procure a litigation guardian "by reason of mental illness").

publication itself that the publication is reporting on [a judicial] proceeding." *Id.* at 179 (citation and internal quotation marks omitted). "New York courts adopt a liberal interpretation of the fair and true report standard of [Section] 74 so as to provide broad protection to news accounts of judicial proceedings." *Id.* (citation and quotation marks omitted).

The articles and reporting in question made clear that The Times was reporting on judicial proceedings against Atas. For example, the January 30, 2021 article stated that "a portrait emerges from legal filings and evidence submitted in court cases, newspaper articles and people who have known her over the years." The February 10, 2021 article opened by referring to Atas's arrest and the charges against her. The April 24, 2021 article contains only a passing reference to Atas, which linked back to the January 30, 2021 article. An ordinary reader would understand The Times's reporting on Atas to be premised on records of the Canadian civil and criminal proceedings in which she was involved. Atas's claims therefore fail to the extent that they are premised on The Times Defendants' reporting on the Canadian judicial proceedings, including the Caplan Judgment and her April 7, 2021 arrest.

### 3. New York Anti-SLAPP Law

Atas has failed to satisfy the actual malice standard imposed by New York's anti-strategic litigation against public participation ("anti-SLAPP") statute. This is an additional independent basis for dismissal. The statute applies to communications on matters of public interest. *Kesner v. Buhl*, 590 F. Supp. 3d 680, 693 (S.D.N.Y. 2022), *aff'd sub nom. Kesner v. Dow Jones & Co., Inc.*, No. 22-875, 2023 WL 4072929 (2d Cir. June 20, 2023) (citing N.Y. Civ. Rights Law § 76-a). The statute imposes an "actual malice" standard for "any communication in a place open to the public or a public forum in connection with an issue of public interest" or "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech

in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." *Id.*

The Times Defendants' statements and reporting about Atas are on matters within the public interest. Atas's purported use of the Canadian legal system and the internet as tools of harassment are matters of public concern, rather than "purely private matter[s]." N.Y. Civ. Rights Law § 76-a(1)(d). Finally, courts in this District apply the substantive portions of the New York anti-SLAPP statute even if certain procedural elements may be precluded by the Federal Rules of Civil Procedure. *See Kesner*, 590 F.Supp.3d at 693 – 94 (collecting cases).

For her complaint to survive the motions to dismiss, Atas must therefore plausibly allege actual malice. *Biro v. Conde Nast*, 807 F.3d 541, 545 (2d Cir. 2015). That is, she must plausibly plead that the Defendants made the statements "with knowledge of [their] falsity or with reckless disregard of whether [they were] false." *Kesner,* 590 F.Supp.3d at 693-94 (quoting N.Y. Civ. Rights Law § 76-a(2). "Reckless disregard as to falsity means that the statement is made with a high degree of awareness of the publication's probable falsity or while the defendant in fact entertained serious doubts as to the publication's truth." *Id.* at 694 (quoting *Albert v. Loksen*, 239 F.3d 256, 272 (2d Cir. 2001)). Importantly, "[d]espite its name, the actual malice standard does not measure malice in the sense of ill will or animosity, but instead the speaker's subjective doubts about the truth of the publication." *Id.* (quoting *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 174 (2d Cir. 2001)).

Atas has not plausibly pleaded that the Times Defendants acted with actual malice. While she recites the actual malice standard in the Third Amended Complaint, she makes no specific allegations that could support a finding of actual malice. Such unsupported allegations do not state a claim. *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of

9

a cause of action will not do."). And while Atas's opposition brief appears to dispute certain minor details of The Times's reporting, she does not allege facts that would support an inference that Defendants knowingly published false information or acted with reckless disregard as to that possibility. In some instances, Atas claims that The Times fabricated its reporting. Those assertions, too, are unsupported by any plausible factual allegations.

Atas's primary counterargument is that the actual malice standard does not apply because she is not a public figure. But that is not relevant: the application of the New York anti-SLAPP statute turns on whether the Defendants' *speech* was on an issue within the public interest. *See, e.g.*, *Prince v. Intercept*, 634 F. Supp. 3d 114, 139 (S.D.N.Y. 2022).

Atas has therefore failed to allege actual malice as to the Times Defendants. This is an independent justification for dismissal of her claims.

### 4. Vicarious Liability

Atas levies negligent supervision, negligent retention, and respondeat superior claims against Defendant The New York Times Company. To state a claim under these theories, Atas must, as a threshold matter, plausibly plead that an employee of The Times committed a tort. *See, e.g*, *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004); *De Sole v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 387, 416 (S.D.N.Y. 2015) (citation omitted). Because Atas has not done so, her vicarious liability claims necessarily fail.

## B. Lily Meier

### 1. Failure to State a Claim

Plaintiff has failed to state any actionable claim against Defendant Meier. Meier is not an employee of The Times. The only language in the Third Amended Complaint even approaching an allegation against Meier is that Atas was arrested on April 7, 2021 for harassing Meier via

internet posts.  (ECF No. 43 ¶ 130.)  This does not state a defamation claim, or any other actionable legal claim.

Meier's motion to dismiss is therefore granted.

**C.    Todd Essig**

Plaintiff purports to assert defamation claims against Dr. Todd Essig, who has not yet been served in this matter.  (*See* ECF Nos. 70, 73.)  Plaintiff alleges that Dr. Essig made defamatory statements in the January 30, 2021 article.  The article contains the following two references to Dr. Essig:

> I described Ms. Atas to Todd Essig, a psychologist who writes about technology and mental health.  He said someone like Ms. Atas could be forced into mental health treatment if she posed a physical danger. "But when someone is a threat to themselves or others online, there's no way for the mental health system to legally intervene," he said.
>
> "I also see her as a victim here," Dr. Essig added. "Tech companies have given her the power to do something that has really taken apart her life."

The Court concludes that Atas has not stated a claim for defamation against Dr. Essig because, as discussed above, she has not pleaded facts plausibly supporting the falsity of his statements.  Additionally, she has failed to plausibly allege that Dr. Essig acted with actual malice.[9]  Therefore, Plaintiff's claims against Dr. Essig are dismissed.

**D.    Leave to Amend**

Plaintiff requests leave to further amend her complaint.  Plaintiff has had ample opportunity to address defects in her pleadings, given that she has already amended her complaint three times.  "Although district judges should, as a general matter, liberally permit *pro*

---

[9] Given that his comments to The Times fall into the category of "any [] lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest," the actual malice standard applies.

*se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). That is the case here. Plaintiff's request for leave to amend is therefore denied.

### E.   Propriety of Anti-Filing Injunction

Finally, the Court recognizes that this lawsuit appears to reflect a pattern of behavior for Plaintiff. As Judge Corbett found, "Atas has shown a pattern of seeking to create, prolong and escalate conflict with her adversaries, launching numerous repetitive lawsuits, seeking ever larger damages awards . . . she has used the litigation process to prolong conflict through endless procedural techniques." (ECF No. 59-1 ¶ 86.) This conduct is especially concerning as to a defendant like Lily Meier, whose only connections to the claims at issue here are (1) that she is a relative of a New York Times employee; (2) that she was herself allegedly subject to harassment from Atas; and (3) that she reported that alleged harassment to the police.

If, after the conclusion of this case, Plaintiff attempts to use further United States federal court proceedings for the purpose of harassment, this Court will entertain a motion for an anti-filing injunction against Plaintiff. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("That the district court possesse[s] the authority to enjoin [parties] from further vexatious litigation is beyond peradventure."). Such a motion shall reference the requirements for an anti-filing injunction in the Second Circuit. *See, e.g.*, *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019).

### IV.   Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED, and Plaintiffs' claims are dismissed with prejudice.

12

The Clerk of Court is directed to close the motions at ECF Nos. 57 and 60 and to close this case.

SO ORDERED.

Dated: September 5, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge