UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADIRE ATAS,
                Plaintiff,

      -v-

THE NEW YORK TIMES COMPANY, *et al.*,
                Defendants.

22-CV-853 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      On September 5, 2023, the Court dismissed Plaintiff Nadire Atas's defamation claims against Defendants The New York Times Company, The Daily Podcast, Ellen Pollock, Kashmir Hill, Aaron Krolik, Michael Barbaro, John Does 1-20, XYZ Corporations 1-10, and Lily Meier under Rule 12(b)(6).  (ECF No. 77.)  On September 19, 2023, Atas moved for reconsideration or, in the alternative, leave to amend her complaint.  (ECF No. 78.)  Defendants responded on September 26, 2023.  (ECF. No. 79.)  Atas replied on October 3, 2023.  (ECF. No. 82.)

      "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted).  To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice.  *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013) (citation omitted).

      Atas fails to meet this high bar.  On the first and second prong, Atas does not plausibly allege any new facts or point to legal developments that might warrant granting her motion for reconsideration.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Without presenting any new facts or intervening law, Atas's motion amounts to "simply attempting to re-litigate an issue already decided," *Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, 495 F. App'x 129, 131 (2d Cir. 2012), and taking a "second bite at the apple," *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

On the third prong, Atas has not demonstrated manifest injustice. At the motion to dismiss stage, Atas's arguments failed to succeed under the well-established legal rules governing Rule 12(b)(6) motions. Indeed, the Court granted Atas three opportunities to cure defects in her pleadings by filing amended complaints. (ECF No. 23, 36, 43.) Atas's motion fails to demonstrate any clear error or manifest injustice in the Court's opinion dismissing her claims.

Atas's request for leave to amend also fails. "Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). Amendment would be futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

That is the case here. Atas has already had ample opportunity to address defects in her pleadings, given that she has already amended her complaint three times. Atas's motion fails to offer any "specific argument as to how an amended complaint would 'cure prior deficiencies' or pass muster under Rule 12(b)(6)." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 252 (2d Cir. 2017).

Accordingly, Plaintiff's motion for reconsideration is DENIED. Plaintiff's motion, in the alternative, to amend her complaint also is DENIED.

The Clerk of the Court is directed to close the motion at ECF No. 78.

SO ORDERED.

Dated: December 1, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge